UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL A. POOLE,<br><br>    Plaintiff,<br><br>    v.<br><br>CATHOLIC HEALTHCARE WEST,<br><br>    Defendants.<br>_____/ | No. C-10-4637 JCS<br><br>**ORDER DENYING PLAINTIFF'S NOTICE OF MOTION FOR CIVIL SUIT [Docket No. 2]** |

## I.     INTRODUCTION

Before the Court is a "Motion for Civil Suit" filed by the Plaintiff who is proceeding in the above-captioned matter *in pro per*. Pursuant to Local Rule 7-1(b), the Court finds the Plaintiff's Motion suitable for determination without oral argument. Having considered the papers submitted and for the reasons stated below, the Court DENIES Plaintiff's motions WITHOUT PREJUDICE.

## II.    BACKGROUND

Plaintiff filed the Complaint in this action on October 14, 2010. *See* Docket No. 1  In the original Complaint Plaintiff states claims alleging discrimination, retaliation and emotional distress under Title VII.

Filed concurrently with the original Complaint was a Notice of Motion for Civil Suit ("Motion"). *See* Docket No. 2. The Motion is a one page document that states the following:

> To Corporate Officers of Catholic Healthcare West/St. Francis Memorial Hospital; San Francisco, California. A Motion for Civil Suit has been filed in the United States District Court, Northern California, for racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964.

Motion at 1. Attached to the Motion is a Proposed Order to Proceed with Civil Action ("Proposed

1

1  Order"). In the Proposed Order, the Plaintiff makes several requests:

2      All Declarations be admissible to Trial as evidence and co-workers/witnesses for plaintiff in Trial[...]that all exhibits, including A through U and other applicable documents that may be requested by plaintiff from defendants, be admissible for ADR and/or Trial[...]that protected information under the HIPPA Law be admissible for trial, so long as client's identity if concealed as evidence for Trial. This information would be viewable for Judge or Jury, only as evidence[... and] that Exhibits be filed as an Addendum to plaintiff's motion, which if added to motion, would exceed twenty-five(25) pages.

6  Proposed Order at 1-2. The Defendant has filed no opposition.

7      Subsequent to the filing of the Complaint and Proposed Order, the parties entered into three

8  stipulations. First, on November 15, 2010 the parties agreed to an extension of time for Defendant

9  to respond to the Complaint. *See* Docket No. 10. The Court granted the agreed-upon extension the

10 following day. *See* Docket No. 11. Second, on November 23, 2010 the parties agreed to allow

11 Plaintiff an extension of time until December 30, 2010 to file a First Amended Complaint. *See*

12 Docket No. 12. The parties agreed that in the First Amended Complaint, the Plaintiff will number

13 paragraphs, remove unnecessary and irrelevant allegations, and will incorporate citations to cases

14 and statutes. *See* Docket No. 13 (Stipulation and Order Allowing Plaintiff Leave to File an

15 Amended Complaint ¶ 5). The Court granted the extension the following day. *See* Docket No. 13.

16 Third, on December 10, 2010, the parties agreed by stipulation to sealing certain portions of the

17 Compliant that contain personal information. *See* Docket No. 14.

18     On December 10, 2010, Plaintiff filed a First Amended Complaint ("FAC"). In the FAC,

19 Plaintiff presents three claims for relief: 1) violation of the Civil Rights Act of 1964, Title VII, 2)

20 violation of 42 U.S.C. § 1981 and 3) violation of California Government Code § 12940.

21 **III. DISCUSSION**

22     The Court has reviewed the Motion and attached Proposed Order and finds that Plaintiff's

23 requests in her motion (filed concurrently with her original Complaint) concern the admissibility at

24 trial of certain documents. Therefore, Plaintiff's requests are premature. Although Plaintiff has

25 filed her First Amended Complaint, no responsive pleading from Defendant has yet been submitted

26 to the Court. It is unnecessary to decide a motion relating to admissibility of evidence at trial when

27 the case has progressed no further than the initial pleadings. The Court notes that the Plaintiff may

28 renew her Motion again at the appropriate time. In denying the Plaintiff's Motion, the Court does

not reach any determination regarding the substantive merits of Plaintiff's claims or the ultimate admissibility of any of the documents referenced in Plaintiff's Motion and Proposed Order.

## IV.     CONCLUSION

Accordingly, the Court DENIES Plaintiff's Motion WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: January 5, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge